# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RUBEN and YOLANDA VILLALBA,**
**indidually and as guardians and next**
**friends of VIOLETA VILLALBA and**
**VERONICA VILLALBA,**

    **Plaintiffs,**

vs.                                                             Civ. No. 99-186 JP/LCS

**GRANT COUNTY SHERIFF'S DEPARTMENT,**
**and GRANT COUNTY COMMISSIONERS,**

    **Defendants.**

## MEMORANDUM AND OPINION ORDER

On November 5, 1999 Defendants filed a "Motion to Dismiss Complaint" (Doc. No. 12) under Fed. R. Civ. P. 12(b)(6). On December 7, 1999 Plaintiffs filed an amended complaint, with leave from the Magistrate Judge.[1]

Plaintiffs claim in the original and amended complaints that Defendants violated Ruben Villalba's civil rights, as protected by 42 U.S.C. § 1983, when members of the Grant County Sheriff's Department mistakenly apprehended Ruben Villalba on or about December 31, 1995. Ruben Villalba claims the deputies treated him roughly, then falsely arrested and imprisoned him. Yolanda Villalba, wife of Ruben Villalba, claims she suffered a loss of consortium as a result of her husband's injuries. All parties are New Mexico citizens.

---

[1] While the amended complaint has superceded that which is the subject of Defendants' motion, the amended complaint did not moot Defendants' objections. Moreover, Defendants correctly anticipated the changes that the amended complaint made to the original complaint and argued their motion accordingly. Defendants motion to dismiss will therefore be treated as a motion to dismiss the amended complaint.

Plaintiffs make three new claims in their amended complaint. First, Plaintiffs claim that Ruben Villalba will need to undergo extensive surgery and treatment due to the injuries allegedly sustained on December 31, 1995. Plaintiffs did not learn this information until March 22, 1996 when they received a letter from Dr. Frederick W. Wendler. Second, Plaintiffs allege that members of the Sheriff's Department struck Violeta and Veronica Villalba during the arrest and detention of their father, Ruben Villalba. Finally, Plaintiffs contend in the amended complaint that Veronica and Violeta Villalba sustained severe emotional distress as a result of the arrest and detention of their father, Ruben Villalba.

Defendants claim that the statute of limitations bars Ruben and Yolanda Villalba's causes of action.

## RUBEN & YOLANDA VILLALBA'S CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS

A claim under 42 U.S.C. § 1983 is considered a personal injury action for statute of limitations purposes. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985). The New Mexico statute of limitations for personal injury actions is three years. *See* N.M. Stat. Ann. § 37-1-8 (1990 Repl.)

Plaintiffs claim that although they filed the original complaint on February 24, 1999, more than three years after the date of the incident, the cause and the full extent of Ruben Villalba's injuries were not brought to their attention until receiving Dr. Wendler's March 22, 1996 letter. However, Plaintiffs indicate in the amended complaint that Ruben Villalba had been "unable to be fully able to work" since the date of the injury, December 31, 1995, which allegedly resulted in severely diminished lost wages and earning capacity. (*See* First Amended Complaint ¶ 13.) This indicates that Ruben Villalba was aware that he did indeed suffer an injury on December 31, 1995

in which case the statute of limitations began to run on that date. *See Bolden v. Village of Corrales*, 111 N.M. 721, 721-22, 809 P.2d 635, 635-36 (Ct. App.1990) (holding that not all damages in personal injury actions must be known before statute of limitations begins to run and that once plaintiff knows he is injured to some degree, the statute runs). Plaintiffs Ruben and Yolanda Villalbas claims are therefore barred by the statute of limitations.

## VERONICA & VIOLETA VILLALBA'S CLAIMS WILL BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

That the statute of limitations has run on the claims of the adult Plaintiffs, however, does not necessarily mean it has run for the claims of their minor children, Violeta and Veronica Villalba. *See* N.M. Stat. Ann. § 37-1-10. Violeta and Veronica Villalba's claims are for battery and intentional infliction of emotional distress. These are not federal statutory or constitutional claims but rather are state tort law causes of action which consequently cannot form the basis of a federal section 1983 claim. Violeta and Veronica Villalba assert these tort claims against non-diverse defendants. Thus, because the claims of the adult Plaintiffs will be dismissed, I will not exercise supplemental jurisdiction over the claims of the minor children which arise only under state law. *See* 28 U.S.C. § 1367(c)(3). Violeta and Veronica Villalba's claims of battery and intentional infliction of emotional distress therefore will be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED THAT

(1) Defendants' motion to dismiss (Doc. No. 12) is granted and Plaintiffs Ruben and Yolanda Villalba's claims will be dismissed with prejudice; and

(2) Plaintiffs Violeta and Veronica Villalba's claims will be dismissed without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**